STANLEY D. CHANCE *v.* COMMISSIONER OF
CORRECTION
(AC 16327)

Foti, Freedman and Stoughton, Js.

---

540

Argued November 12, 1997—officially released January 27, 1998

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Robert J. Scheinblum*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher A. Alexy*, assistant state's attorney, for the appellee (respondent).

*Opinion*

STOUGHTON, J. The petitioner, Stanley D. Chance, appeals from the judgment of the habeas court. He claims that the habeas court improperly denied his petition for permission to appeal the judgment dismissing his application for a writ of habeas corpus and improperly dismissed his amended petition.

To obtain appellate review of the dismissal of a petition for habeas corpus after the habeas court has denied a petition for certification to appeal, the petitioner must make a two part showing. First, he must demonstrate that the habeas court's ruling constituted an abuse of discretion. If he succeeds in that, he must then demonstrate that the judgment of the habeas court should be reversed on its merits. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To establish an abuse of discretion, the petitioner must demonstrate that the

issues are debatable among jurists of reason, that a court could resolve the issues differently or that the questions are adequate to deserve encouragement to proceed further. Id., 616.

The claim made by the petitioner to the habeas court that he wants to pursue on appeal is that the performance of counsel at his trial was so deficient as to deprive him of the effective assistance of counsel. Specifically, the petitioner alleges that trial counsel failed to represent him adequately and effectively because she failed to object on proper grounds to the admission of prison disciplinary reports. The petitioner claims that an objection should have been offered on the ground that the prison reports were privileged and confidential and shielded from disclosure by General Statutes § 1-19 (b) (2).[1]

During the course of his criminal trial, the trial court ruled that the state could impeach the petitioner with eleven prior felony convictions and cross-examine him regarding four prison disciplinary reports bearing on his truthfulness. In the absence of the jury, the petitioner's counsel objected on grounds of relevancy. After the objection was overruled, she decided not to offer the objection in the presence of the jury because she knew it would be overruled and believed that to do so would further damage the petitioner's credibility.

A hearing was held before the habeas court, which considered the testimony of the petitioner and his trial counsel. The court found that the petitioner failed to sustain his burden of proving deficient performance by

---

[1] General Statutes § 1-19 provides in relevant part: "(b) Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

counsel and actual prejudice, as required under *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), as to any of his allegations.[2]

General Statutes § 1-19 (b) (2) provides that certain sections of the Freedom of Information Act are not to be construed to require disclosure of certain personnel files. It does not, however, forbid disclosure of those files. The petitioner has cited no authority for his claim that prison records are confidential and prohibited from disclosure by § 1-19 (b) (2).

Having carefully considered all of the claims advanced by the petitioner, we conclude that he has failed to make a substantial showing that he was denied a state or federal constitutional right, and failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice was done.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] "Our Supreme Court has adopted the two-pronged analysis of *Strickland* v. *Washington,* supra, [466 U.S. 687] to determine if counsel's assistance was ineffective. . . . Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice." (Citations omitted.) *Davis* v. *Warden,* 32 Conn. App. 296, 302, 629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993).