## DARYL FLETCHER *v.* COMMISSIONER OF CORRECTION
### (AC 25722)

Lavery, C. J., and Flynn and Harper, Js.

Submitted on briefs September 27—officially released November 8, 2005

*Sebastian O. DeSantis,* special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington,* state's attorney, and *Margaret Gaffney Radionovas* and *Linda N. Howe,* senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Daryl Fletcher,[1] appeals following the habeas court's denial of his petition for certification to appeal from the denial of his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a trial to the court, of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of narcotics with intent to sell within 1500 feet of a public school

---

[1] The petitioner's first name is spelled as "Daryl" in the record, but is spelled as "Darryl" in his direct appeal. See *State* v. *Fletcher,* 63 Conn. App. 476, 777 A.2d 691, cert. denied, 257 Conn. 902, 776 A.2d 1152 (2001). In this opinion, we use the spelling in the record.

in violation of General Statutes § 21a-278a (b), posses-
sion of marijuana in violation of General Statutes § 21a-
279 (c) and three counts of criminal possession of a
pistol or revolver in violation of General Statutes § 53a-
217c. The petitioner received a total effective sentence
of twenty years incarceration, execution suspended
after thirteen years, followed by five years probation.
He then filed a direct appeal in which he claimed that
the court improperly had failed to grant his motion to
suppress certain evidence. We affirmed the judgment
of conviction. See *State* v. *Fletcher*, 63 Conn. App. 476,
777 A.2d 691, cert. denied, 257 Conn. 902, 776 A.2d
1152 (2001).

The petitioner subsequently filed an amended peti-
tion for a writ of habeas corpus in which he claimed
that his trial counsel had conducted an inadequate
investigation of his case and had failed to advise him
properly. The petitioner also claimed that attorney Jack
O'Donnell should have represented him rather than
O'Donnell's associate, Michael Dolan. The court
rejected the petitioner's claims and then denied his
petition for certification to appeal. On appeal, the peti-
tioner claims that the court improperly (1) denied his
petition for certification to appeal and (2) determined
that his trial counsel had provided effective assistance.

The petitioner must demonstrate that the court
abused its discretion in denying his petition for certifica-
tion to appeal. After a careful review of the record and
briefs, we conclude that the petitioner has not demon-
strated that the issues he has raised are debatable
among jurists of reason, that a court could resolve the
issues in a different manner or that the questions raised
deserve encouragement to proceed further. See *Lozada*
v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L.
Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608,
616, 646 A.2d 126 (1994). Accordingly, the court did not

abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.