CORNELIUS HARGROVE *v.* COMMISSIONER OF
CORRECTION
(AC 25231)

Schaller, Dranginis and McLachlan, Js.

Submitted on briefs September 28—officially released November 15, 2005

*Matthew J. Collins*, special public defender, filed a brief for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Cornelius Hargrove,[1] appeals after the habeas court denied his petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus in which he alleged the ineffective assistance of trial and

---

[1] The petitioner was convicted by a jury of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and carrying a pistol without a permit in violation of General Statutes §§ 29-35 and 29-37 (b). This court affirmed the petitioner's conviction in *State* v. *Hargrove*, 33 Conn. App. 942, 638 A.2d 1098 (1994).

appellate counsel and actual innocence.[2] We dismiss the appeal.[3]

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

We have reviewed the record of the habeas trial, including the court's oral decision, and conclude that the petitioner has failed to carry his burden to demonstrate that the court abused its discretion in denying his petition for certification to appeal. He has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

[2] In his petition for a writ of habeas corpus, the petitioner alleged primarily that his trial counsel inadequately investigated the crimes of which he was accused and that appellate counsel failed to raise certain claims on direct appeal. He also alleged that he was actually innocent of the crimes of which he had been convicted and that he had not bypassed a direct appeal of that claim because he needed to develop a factual record. The petitioner did not allege new evidence that, if proven, would demonstrate his actual innocence.

[3] On appeal, the petitioner claims that the court abused its discretion by failing to issue a capias to secure the presence of a witness who was served with a subpoena duces tecum but failed to appear at the hearing on the petition for a writ of habeas corpus. The petitioner sought certain records from the Bridgeport police department to determine what they contained. The court declined to issue the capias because the police records themselves had no bearing on the investigative efforts of trial counsel, and habeas counsel sought to use the subpoena duces tecum as a discovery tool, as he could not demonstrate what information the records contained and how the contents of the records would help the petitioner prove his claim of actual innocence.