GARRICK TURNER *v.* COMMISSIONER OF
CORRECTION
(AC 26127)

Lavery, C. J., and Bishop and Hennessy, Js.

Argued November 29, 2005—officially released January 24, 2006

*John R. Williams,* for the appellant (petitioner).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Michael E. O'Hare,* supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Garrick Turner, appeals after the habeas court denied his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus in which he alleged a violation of his sixth amendment right to effective assistance of counsel.[1] We dismiss the appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994).

---

[1] In his underlying criminal case, the petitioner pleaded guilty to and was convicted of sexual assault in the second degree and risk of injury to a child. *State* v. *Turner,* 267 Conn. 414, 416, 838 A.2d 947, cert. denied, 543 U.S. 809, 125 S. Ct. 36, 160 L. Ed. 2d 12 (2004). He was sentenced to a total term of incarceration of ten years, execution suspended after nine months, and ten years conditional probation. In this habeas appeal, the petitioner raises two claims. He claims that the habeas court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed his petition for habeas corpus relief. Because our resolution of the first claim is dispositive of the second claim, we do not reach the merits of the second claim.

Here, the court did not abuse its discretion. Our review of the record reveals that the petitioner raised an identical claim of ineffective assistance of counsel before our Supreme Court in *State* v. *Turner*, 267 Conn. 414, 838 A.2d 947, cert. denied, 543 U.S. 809, 125 S. Ct. 36, 160 L. Ed. 2d 12 (2004),[2] and that it was rejected. We are not persuaded by the petitioner's argument that *Turner* was overruled by *Yarborough* v. *Alvarado*, 541 U.S. 652, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). On the basis of our reading of *Yarborough*,[3] we conclude that our Supreme Court's ruling in *Turner* is in harmony with the United States Supreme Court's ruling and, accordingly, hold that the court properly denied the petition for certification to appeal.

The appeal is dismissed.

---

[2] In this habeas appeal, the petitioner claims that his counsel was ineffective because counsel failed to preserve the claim that the petitioner's confession was obtained by the police in violation of *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and because counsel failed to inform him of his right to enter a plea of nolo contendere. The petitioner previously raised an identical claim in *State* v. *Turner*, supra, 267 Conn. 439. Our Supreme Court held in *Turner* that because the defendant was not in "custody" for *Miranda* purposes, "the defendant's claim on appeal [was] frivolous, [and] counsel was not required to consult with the defendant regarding a conditional plea of nolo contendere . . . . Thus, the defendant's claim of ineffective assistance of counsel [failed]."

[3] Our Supreme Court held in *State* v. *Turner*, supra, 267 Conn. 439, that the defendant's age could not be considered as a factor when determining whether he believed he was in custody because "when determining whether a reasonable person would have felt that he or she was free to leave [an encounter with the police], courts are to apply an objective, rather than a subjective, standard. . . . [I]t is irrelevant that the defendant may have been a novice to police questioning. His subjective beliefs about whether he was in fact free to leave have no bearing on whether he was in custody"; (citations omitted); for purposes of *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Similarly, the United States Supreme Court stated in *Yarborough* v. *Alvarado*, supra, 541 U.S. 663, that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. . . . Courts must examine all of the circumstances surrounding the interrogation and determine how a reasonable person in the position

of the individual being questioned would gauge the breadth of his or her freedom of action." (Citation omitted; internal quotation marks omitted.) Id.