WILLIE DRAKEFORD *v.* COMMISSIONER OF CORRECTION
(AC 27240)

Bishop, DiPentima and Pellegrino, Js.

Argued January 11—officially released March 20, 2007

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Willie Drakeford, appeals following the habeas court's denial of his petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of assault in the first degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (5), and conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48 and 53a-59 (a) (5). The petitioner received a total effective sentence of fifteen years incarceration. He then filed a direct appeal. Both this court and our Supreme Court affirmed the judgment of conviction. See *State* v. *Drakeford*, 63 Conn. App. 419, 777 A.2d 202 (2001), aff'd, 261 Conn. 420, 802 A.2d 844 (2002).

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel, Joseph Mirsky, had provided ineffective assistance. The habeas court rejected the petitioner's claim and then denied his petition for certification to appeal. The petitioner failed to file a

timely appeal from the denial of his petition for certification to appeal, apparently because his habeas counsel suffered a stroke. Thereafter, in accordance with a stipulated agreement, the court restored the petitioner's right to appeal from the denial of his petition for certification to appeal.[1] On appeal, the petitioner claims that the court should have granted his petition for certification to appeal because Mirsky (1) inadequately investigated the petitioner's case, (2) inadequately cross-examined a witness and (3) improperly advised the petitioner not to testify in his defense.

The petitioner must demonstrate that the court abused its discretion in denying his petition for certification to appeal. We conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Accordingly, the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

---

[1] The respondent, the commissioner of correction, provided us with a copy of the stipulated agreement and the court's judgment restoring the petitioner's right to appeal from the denial of his petition for certification to appeal after we inquired at oral argument as to the petitioner's delay in filing his appeal.