# RICARDO PEREIRA *v.* COMMISSIONER OF CORRECTION
## (AC 26796)

Harper, Lavine and Peters, Js.

Argued March 15—officially released May 22, 2007

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PETERS, J. A criminal defendant's invocation of his constitutional right to counsel requires an unambiguous and unequivocal statement "that a reasonable police officer . . . would understand to be a request for an attorney." *Davis* v. *United States*, 512 U.S. 452, 459, 114 S. Ct. 2350, 129 L. Ed. 2d 362 (1994); *State* v. *Anonymous*, 240 Conn. 708, 716, 694 A.2d 766 (1997). The dispositive issue in this appeal from the denial of a petition for a writ of habeas corpus is whether evidence that, prior to his interrogation by the police, the petitioner had asked a family member to arrange for a lawyer for him, is sufficient to establish invocation of his right to counsel. The habeas court, after concluding that the petitioner had not established that he had been prejudiced by trial counsel's failure to present such evidence, denied his petition insofar as he claimed ineffective assistance of counsel. The court also dismissed a second count in the petition, in which the petitioner alleged that his criminal conviction should be set aside because the petitioner had been denied access to counsel. The court subsequently denied the petitioner's request for certification to appeal. We dismiss the petitioner's appeal.

In an amended, two count petition for a writ of habeas corpus filed February 22, 2005, the petitioner, Ricardo Pereira, alleged that his conviction of murder in violation of General Statutes § 53a-54a and kidnapping in violation of General Statutes § 53a-92 (a) (2) (a) should be set aside because the police had failed to honor

his constitutional right to counsel. In count one, the petitioner alleged that his trial counsel was ineffective in failing to present testimony from his mother and his sister that, before the initiation of his interrogation by the police, he had asked each of them to find counsel for him. In count two, he alleged that his conviction should be set aside because, in violation of his constitutional rights, he had been deprived of his right to counsel prior to police interrogation. The respondent, the commissioner of correction, denied the allegations in the first count and moved to dismiss the second count because the admissibility of the petitioner's incriminatory statements had been fully litigated at trial. The habeas court, after a hearing, agreed with the commissioner on both counts. The petitioner has appealed. Because we agree with the habeas court that, on the present record, the petitioner's claims are unsustainable, we dismiss his appeal.

The facts underlying the defendant's conviction are fully reported in *State v. Pereira*, 72 Conn. App. 545, 805 A.2d 787 (2002), cert. denied, 262 Conn. 931, 815 A.2d 135 (2003). For present purposes, it is important to note that, in the course of affirming the judgment against him, this court reviewed the evidence relating to the admission of his inculpatory statements and held that the trial court "reasonably concluded that the defendant's confession was voluntarily rendered." Id., 581.

The linchpin of the petitioner's appeal is that his inculpatory statements should have been excluded at trial because he properly invoked his constitutional right of access to counsel by asking his mother and his sister to get counsel for him. To assess the doctrinal implications of this claim, we first must ascertain to what extent it has a factual predicate in the record.

The habeas court made the following factual findings with respect to the petitioner's claim of denial of access

to counsel. "The petitioner, his mother and his sister all went to the police station where the petitioner was to be interviewed. Upon arrival at the station, the petitioner and his mother and sister were placed in separate rooms. Just before they parted, the petitioner asked his sister to call his uncle and arrange for a lawyer for him." The court thereafter denied the petition stating: "[E]ven if the petitioner wished to be represented by counsel while being questioned by the police, this fact was never communicated to the officers. Moreover, the petitioner clearly and unequivocally waived his rights to counsel several times before giving the statement. The addition of facts that would support a desire for representation, unexpressed to the police but communicated in secret to his sister, would not have changed the reasoning used by [the trial judge] or the Appellate Court [in concluding that he had waived his right to counsel]." Significantly, the petitioner has not briefed a claim that any of these findings was clearly erroneous.[1]

On this record, the issues that the petitioner seeks to raise in this appeal are not debatable among jurists of reason and do not warrant appellate review. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Without a finding that the police were aware, or should have been aware, of the petitioner's request to consult counsel, the habeas court properly concluded that there was no constitutional reason why the police could not have relied on the petitioner's waiver of his *Miranda*[2] rights in questioning

---

[1] Although, at oral argument in this court, petitioner's counsel claimed that police officers were standing nearby when the petitioner asked his sister to get counsel for him, the habeas court made no such finding. As best we can tell, the court was not asked to make such a finding. We need not decide, therefore, whether overhearing a private conversation would satisfy the requirement that a request for counsel should be clearly and unequivocally communicated to the police.

[2] See *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

him about his conduct. There was, therefore, neither evidence of ineffectiveness of counsel nor a basis for revisiting the merits of the prior decision denying the motion to suppress the petitioner's incriminatory statements. Accordingly, the habeas court properly denied the petitioner's request for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.