## FREDDY MORALES *v.* COMMISSIONER OF CORRECTION
### (AC 28341)

Flynn, C. J., and McLachlan and Pellegrino, Js.

Submitted on briefs March 31—officially released May 20, 2008

*Deborah G. Stevenson*, special public defender, filed a brief for the appellant (petitioner).

*David I. Cohen,* state's attorney, *Lisa A. Riggione,* senior assistant state's attorney, and *Yamini Menon,* deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Freddy Morales, appeals from the judgment of the habeas court after the court denied his petition for certification to appeal from the denial of his amended petition for a writ of habeas corpus. The petitioner claimed that his trial counsel rendered ineffective assistance, that his counsel did not investigate adequately any defenses he might have had and that his plea was involuntary because of his counsel's ineffective assistance. In addition to the claim that counsel's assistance was ineffective, the petitioner also claimed that counsel did not explain adequately to him his right to sentence review. We dismiss the appeal.

The petitioner was charged with murder in violation of General Statutes § 53a-54a. The victim had been the petitioner's girlfriend shortly before the crime; however, the victim told the petitioner she was ending the relationship. The petitioner had become very attached to the victim and her infant, who was not the petitioner's child. On the night of the crime, the petitioner and the victim argued, and the petitioner, a butcher, used a meat cleaver to disembowel and partially decapitate the victim. He then cut his own throat.

The petitioner's trial counsel retained Charles Morgan of the Yale University School of Medicine to perform a psychiatric evaluation of the petitioner. The evaluation showed that the petitioner suffered from a delusional disorder and a personality disorder but that the disorders did not rise to the level of an affirmative

defense. Counsel concluded that the petitioner understood the charges against him and, without question, could assist in his defense.

During the habeas hearing, counsel testified that the petitioner repeatedly had asserted that he did not want to go to trial. Despite the extreme and violent nature of the crime, counsel was able to negotiate a plea agreement with the state, which provided for a maximum prison term of thirty-five years with the right to argue for as few as twenty-five years. The petitioner agreed to accept the plea deal, and, after a thorough plea hearing, the court accepted his guilty plea. The petitioner was sentenced to thirty-five years imprisonment.

On March 7, 2005, the petitioner filed his petition for a writ of habeas corpus, and he amended it on June 26, 2006. On October 20, 2006, the court held a hearing, and, on November 15, 2006, issued its memorandum of decision denying the petition for a writ of habeas corpus but restoring the petitioner's right to seek sentence review after finding that there was insufficient evidence that the petitioner had been informed of this right. Subsequently, on November 20, 2006, the petitioner filed a petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On December 1, 2006, the court denied certification to appeal. This appeal followed.

The court concluded that the petitioner failed to satisfy his burden under *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in that he did not establish by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced the defense. Moreover, the habeas court concluded that the petitioner's plea of guilty was knowing, intelligent and voluntary. See *Hill* v. *Lockhart,* 474 U.S. 52, 59, 106 S. Ct.

366, 88 L. Ed. 2d 203 (1985); see also *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 440, 936 A.2d 611 (2007). Additionally, the court concluded that there was no evidence presented that "would allow a finding that had the petitioner elected to plead not guilty and take his case to trial, he would have been found not guilty of the offenses to which he pleaded guilty."

After a careful review of the record and briefs, we conclude that the court did not abuse its discretion in denying the petitioner certification to appeal because he has not demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.