# ROCK WILLIAMS *v.* COMMISSIONER OF CORRECTION
## (AC 28983)

Harper, Beach and Borden, Js.

Argued January 5—officially released April 14, 2009

*Rosemarie T. Weber*, special public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robin D. Krawczyk* and *Angela R. Macchiarulo*, senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

BORDEN, J. The petitioner, Rock Williams, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification and improperly rejected his claims that a new trial should be granted because his pleas were not knowing, intelligent and voluntary and that he was denied the effective assistance of counsel. We dismiss the appeal.

In January, 1995, the petitioner was the defendant in a series of criminal cases,[1] in which the state charged him with numerous crimes, including robbery, larceny, engaging an officer in pursuit, reckless driving, reckless

---

[1] See footnote 2.

endangerment, larceny as an accessory, robbery involving a motor vehicle, burglary, risk of injury to a child, criminal use of a pistol, carrying a pistol without a permit, criminal possession of a firearm and kidnapping with a firearm. As a result of these charges, the petitioner was exposed to a possible total maximum sentence of more than 200 years incarceration. The petitioner entered pleas of not guilty and elected a trial by jury.

Prior to jury selection in July, 1995, the state made an offer to the petitioner of twenty-two years incarceration, which the petitioner rejected. Following jury selection, the petitioner's motion to suppress relating to his confession and other evidence was denied by the court, *Koletsky, J.* Consequently, the petitioner changed his plea.

In August, 1995, the petitioner entered pleas of guilty before the court, *Espinosa, J.*, and was convicted of the following crimes: three counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4); robbery in the third degree in violation of General Statutes § 53a-136; three counts of larceny in the first degree in violation of General Statutes § 53a-122; larceny in the second degree in violation of General Statutes § 53a-123; larceny in the third degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-124; burglary in the first degree in violation of General Statutes § 53a-101; burglary in the second degree in violation of General Statutes § 53a-102; criminal possession of a firearm in violation of General Statutes § 53a-217; and two counts of kidnapping in the first degree with a firearm in violation of General Statutes § 53a-92a.[2] A nolle prosequi was entered in regard to

---

[2] The petitioner was charged with numerous crimes in five separate files relating to a series of crimes that he committed during a three week period that commenced in late December, 1994, and continued through mid-January, 1995. Although the July, 1995 trial involved a consolidation of only two of the five files, all five files were combined for the petitioner's plea hearing.

each of the remaining charges. At the time the petitioner changed his plea, the state's offer had risen from twenty-two years incarceration to twenty-five years incarceration. In October, 1995, in accordance with the state's offer, the petitioner was sentenced to a total effective term of twenty-five years incarceration. The petitioner did not file a motion to withdraw his pleas, nor did he challenge his sentence on direct appeal.

In December, 2004, the petitioner filed an amended petition for a writ of habeas corpus containing three counts. The petitioner claimed, in count one, that his trial counsel's performance was deficient.[3] In count two, the petitioner asserted that his guilty pleas were not knowing, intelligent or voluntary due to the effects of his alcohol and drug addictions.[4] Finally, the petitioner, in count three, claimed that the trial court failed to inform him of his right to appeal. This count, however, was withdrawn by the petitioner at the habeas trial and therefore was abandoned.

In preparation for his habeas trial, the petitioner attempted to locate the transcript of his plea canvass

Thus, the petitioner entered guilty pleas relating to the charges contained in all five files.

[3] The petitioner alleged that his trial counsel had failed (1) to advise him adequately of his options concerning his decision to plead guilty or to proceed to trial and his options concerning potential defenses, (2) to advise him adequately of the consequences of his guilty pleas or the elements of the offenses for which his pleas were entered, (3) to ensure that the guilty pleas were knowing, intelligent and voluntary and (4) to investigate the case properly.

[4] In his amended petition for a writ of habeas corpus, the petitioner claimed that (1) he did not understand the nature of the proceedings because he was suffering from addiction withdrawal and other mental, emotional and physical handicaps and (2) the trial court did not comply with the rules of practice or constitutional requirements during the plea canvass or ensure that his pleas were knowing, intelligent and voluntary. At the habeas trial, the petitioner clarified that the only issue he was raising regarding this count was that the influence of alcohol or drugs in some way affected his ability to understand the plea canvass.

but was unable to do so. Habeas counsel, therefore, reconstructed the record[5] by obtaining testimonial evidence from those who were known to have been present during the plea canvass, including the petitioner, the petitioner's trial counsel, the prosecutor during the petitioner's underlying criminal trial and Judge Espinosa, who had conducted the plea canvass.

At the habeas trial, the petitioner, the petitioner's trial counsel and the prosecutor during the petitioner's underlying criminal trial testified. Judge Espinosa did not testify; however, an affidavit, in which Judge Espinosa stated that she had "no recollection of the plea canvass or any other matters concerning these cases," was admitted into evidence. In addition, the petitioner introduced medical records relating to his confinement prior to the date of his plea change.

The petitioner testified at the habeas trial that he received the twenty-two year offer but did not accept it because he was not aware or informed of the strength of the state's case against him. In relation to his pleas, the petitioner testified that at the time of his plea canvass he was using illegal substances. Although the petitioner was in the "Hartford lockup," he testified that such contraband was "more abundant there" than in the prison in which he was confined prior to being relocated to Hartford. The petitioner also testified that during the plea canvass, he did not recall the judge asking him whether he had used any illegal drugs, was using them, was intoxicated or what his medical condition was at the time. The petitioner stated that he was "a little confused" as to what was going on at the plea canvass because he was under the influence of illegal drugs or the remnants of such drug use. On cross-examination, however, the petitioner admitted that he never

[5] Prior to the habeas trial, the petitioner filed a motion to reconstruct the record, which was granted by the court.

told his trial counsel or Judge Espinosa that he was under the influence of illegal drugs or alcohol. Furthermore, he testified that he never asked his trial counsel to file a motion to withdraw his pleas.

The petitioner's trial counsel testified that it was his practice to discuss with his clients the nature and strength of the state's evidence that would be presented at trial and whether he thought it was strong enough for conviction. He also testified that he conveyed the twenty-two year offer to the petitioner but that the petitioner, to counsel's surprise, rejected it. In regard to the plea hearing, the petitioner's trial counsel testified that he did not recall that any of the "standard questions" asked by the judge conducting the plea canvass were omitted. Moreover, he testified that the petitioner never told him that he was intoxicated, under the influence of illegal drugs or that he did not understand what was going on.

The prosecutor testified that although she could not recall what specifically transpired during the petitioner's plea canvass, she was familiar with Judge Espinosa's style, which she described as "extremely thorough" and "diligent," and that nothing unusual or noteworthy happened during the petitioner's plea canvass. In addition, she testified that "[if] a judge somehow either misinterpreted the charge or didn't ask a question that [she] believed was appropriate . . . . [she] would have done whatever was necessary to correct the record so it would be a valid canvass." Finally, she stated that she did not recall the petitioner to be suffering from any medical condition at the time of his plea canvass.

After reviewing the evidence presented, the court found that as to count one, trial counsel properly investigated the case, fully discussed the strength of the state's evidence against the petitioner and advised the petitioner of the penalties for each of the numerous

crimes with which the petitioner was charged. Moreover, the court determined that the petitioner offered "no additional support for his assertions" that trial counsel's representation "fell below the standard of reasonableness or that there was a reasonable probability that, but for the performance of [trial] counsel, the result would have been different." See *Strickland* v. *Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

As to count two, the court determined that the testimony of both the prosecutor and the petitioner's trial counsel that the petitioner "went through a standard plea canvass," "responded intelligently" during the plea canvass and "was aware of the penalties for each of the offenses" credibly rebutted the petitioner's claim that his pleas were not made knowingly, intelligently and voluntarily. In addition, the court noted that the petitioner was incarcerated from January 13, 1995, until his change of plea, which took place on August 8, 1995. Thus, the petitioner's "continual incarceration prior to the [plea] canvass also fails to support his claim of the inability to understand his responses to the questions asked by [Judge Espinosa] because of his consumption of alcohol and drugs . . . ." Finally, the court found that there was "nothing" in the petitioner's medical record to support his claim that he was unable to understand the plea canvass due to his alcohol and drug addictions. See footnote 4. Accordingly, the court rendered judgment denying the petition for a writ of habeas corpus and, subsequently, denied the petition for certification to appeal. This appeal followed.

The petitioner claims that the court abused its discretion when it denied him certification to appeal from the denial of his habeas petition. More specifically, the petitioner first contends that the court improperly ruled that a new trial was unwarranted because the transcript of his guilty pleas was unavailable and could not be

sufficiently reconstructed to determine whether his pleas in the underlying criminal case were knowing, voluntary and intelligent. The lack of a transcript of the plea canvass, alone, is insufficient to establish an inadequately reconstructed record. "The sufficiency of a transcript to enable the appellate courts to review the issues on appeal is a matter of fact, because the trial court is in the best position to determine whether the reconstructed record adequately reflects what occurred at the trial. An appellate court should affirm a trial court's finding that the reconstructed record was sufficient unless the appellate court finds that the trial court's determination was clearly erroneous." (Internal quotation marks omitted.) *State* v. *Williams*, 227 Conn. 101, 106, 629 A.2d 402 (1993).

As to this claim, the court made no specific finding that the reconstructed record was inadequate to review the petitioner's claim that his guilty pleas were invalid. The petitioner did not request that the court articulate whether the record, as reconstructed, was adequate for review.[6] That alone would be sufficient for us to decline to review this claim. See *Dawson* v. *Commissioner of Correction*, 106 Conn. App. 614, 626, 942 A.2d 519 ("[b]ecause the court's memorandum of decision is devoid of any findings or analysis on the issue, and because the petitioner did not seek an articulation, the record is inadequate, and we cannot review his claim"), cert. denied, 287 Conn. 909, 950 A.2d 1285 (2008). Moreover, it is clear that the court implicitly found the record to be reconstructed adequately on the basis of the testimony of the prosecutor and the petitioner's trial counsel and the court's negative credibility determination of the petitioner's testimony regarding his purported condition at the time of his pleas of guilty. We see nothing

---

[6] Although the petitioner filed a motion for articulation after the court rendered its decision, the motion was limited to the court's decision to deny his request for a waiver of costs and fees for an appeal.

that a transcript of the plea canvass would add that could possibly cause us to conclude that the court's implicit finding was clearly erroneous.

The petitioner next contends that the court improperly concluded that trial counsel's assistance was effective because trial counsel failed to inform the petitioner of evidence the state had against him and to advise him adequately about going to trial or pleading guilty during the pretrial stages of the case. Specifically, the petitioner argues that trial counsel should have advised the petitioner to accept the state's pretrial offer of twenty-two years imprisonment. Although the court did not specifically mention the twenty-two year offer in its memorandum of decision, it did find that trial counsel adequately advised the petitioner about the strength of the state's case and the penalties for each of the crimes that could be imposed.

The petitioner testified that his counsel relayed the state's twenty-two year offer to him but that he rejected it because his counsel did not advise him of the strength of the state's case. The habeas court, however, found to the contrary, namely, that his counsel fully advised him of the strength of the state's case. Thus, the basis of his claim made in the habeas court founders on the court's specific finding. Moreover, there is nothing in the record to support his having made the claim in the habeas court that counsel was obligated to recommend to him whether to accept the state's offer. Finally, the petitioner offers no authority for the proposition that defense counsel who adequately advises his client of the strength of the state's case against him and of the maximum penalties that he faces nonetheless fails in his duty of adequate representation by failing to recommend that he accept an offer by the state.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate

that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

After a thorough review of the record and briefs, we agree with the court's memorandum of decision. We are not persuaded that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See id., 616. Therefore, we conclude that the petitioner has failed to establish that the court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.