# AUNRAY STANFORD *v.* COMMISSIONER OF CORRECTION
## (AC 29777)

DiPentima, Beach and Stoughton, Js.

Argued November 18, 2009—officially released January 5, 2010

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Courtney Gates-Graceson*, assistant state's attorney, for the appellee (respondent).

### Opinion

PER CURIAM. The petitioner, Aunray Stanford, pleaded guilty under the well known *Alford* doctrine[1] to charges of attempt to commit murder in violation of General Statutes §§ 53a-49 (a) and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and robbery in the first degree in violation

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Tabone*, 292 Conn. 417, 421 n.7, 973 A.2d 74 (2009).

of General Statutes § 53a-134 (a) (2). He appeals following the denial by the habeas court of his petition for certification to appeal from its judgment denying his second amended petition for a writ of habeas corpus. He claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly failed to conclude that his trial counsel had rendered ineffective assistance in several respects.

We have carefully reviewed the record and briefs, and, after considering the oral arguments of counsel, we conclude that the petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal. The petitioner has not shown that the issues involved in his appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.