[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR CERTIFICATION
The habeas corpus petition of the petitioner, Craig McIntyre, dated December 20, 1999 was dismissed by this Court, on the papers, by Order dated and filed March 17, 1999 upon a finding by the Court that the issues raised in said petition were raised in a prior petition by the same petitioner. From that dismissal, the petitioner now seeks certification for appeal to the Appellate Court.
In his Petition for Certification, McIntyre has petitioned the Court as follows: "The petitioner requests a certification that a question isinvolved in the decision on my habeas corpus petition which ought to bereviewed by the Connecticut Appellate Court. The grounds upon which Irequest certification are. Issues raised in this petitioner were notraised in a prior petition."
Connecticut General Statutes 52-470b provides that:
 (b) No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.
The Petition for Certification has been timely filed, hence the question before the Court is whether such certification should be granted CT Page 6659 and more specifically, whether a question is involved in the decision of the habeas Court which ought to be reviewed by the Appellate Court.
As has been noted in other Superior Court decisions on this issue (See:Donald W. Utz v. Warden. C.C.I. Somers, 1991 Ct. Sup. 6882, CV90-0107820-S, Judicial District of Stamford, August 8, 1991), the current authority requires the Court in considering a Petition for Certification to do more than simply "rubber stamp" the certification issue. Rather, a "searching inquiry" should be made by the Court to determine whether there is a question involved in the decision of the habeas Court which ought to be reviewed by the Appellate Court.
In the matter of Copas v. Commissioner of Correction, 234 Conn. 139,150 (1995), the Connecticut Supreme Court held, "We recognize that "[i]n enacting § 52-470 (b), the legislature intended to discourage frivolous habeas appeals." Simms v. Warden, 230 Conn. 608, 616. A habeas appeal that satisfies one of the criteria set forth in Lozada v. Deeds,498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: "`that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' (Emphasis in original; internal quotation marks omitted.)" Lozada v.Deeds, supra, 432. Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. Simms v. Warden, supra, 616".
This Court has made its searching inquiry and notes that the underlying December 20, 1999 habeas petition was based upon the petitioner's claim in the First Count of said petition that he was rendered ineffective assistance of counsel in the underlying criminal trial; and on the basis of his claim in the Second Count of said petition that his conviction in the underlying criminal trial was the result of prosecutorial misconduct; and on the basis of his claim in the Third Count of said petition that he was denied the right to a timely appeal as a result of misconduct by the court reporter with respect to the destruction of certain trial transcripts; and on the basis of his claim in the Fourth Count of said petition that he was rendered the ineffective assistance of appellate counsel in the appellate proceedings regarding the petitioner's conviction.
This Court's dismissal of the petitioner's December 20, 1999 habeas petition was based upon the court's determination that the said December 20, 1999 petition presents the same grounds as a prior petition previously denied and fails to state new facts or proffer new evidence no reasonably available at the time of the prior petition. Based upon that CT Page 6660 finding, this Court dismissed the petition in accordance with Practice Book Sections 23-24 and 23-29.
This Court's review of those proceedings and the process this Court employed in rendering its decision to dismiss the said petition has failed to disclose any issue that would satisfy any one of the criteria set forth in Lozada v. Deeds, 498 U.S. 430, supra, nor has the petitioner asserted any such issue that would satisfy any one of said criteria. This Court is further unable to point to any question in its decision to dismiss the said December 20, 1999 habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court.
The Petition for Certification is accordingly denied.
BY THE COURT
 CARROLL, J.
[EDITORS' NOTE: NOTICE OF APPEAL PROCEDURES HABEAS CORPUS) IS ELECTRONICALLY NON-TRANSFERRABLE.]