[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The habeas corpus petition of the petitioner, Jason Casiano, was dismissed from the bench by this court on June 4, 2002. From that dismissal, the petitioner now seeks certification for appeal to the Appellate Court.
In his petition for certification, Casiano has petitioned the court as follows. The habeas court erred in its application of the law to the facts of this case.
Connecticut General Statutes § 52-470 (b) provides:
 No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.
The petition for certification has been timely filed. Therefore, the CT Page 7640 issue before the court is whether a question is involved in the decision of the habeas court which ought to be review by the Appellate Court.
A court, in considering a petition for certification, should do more than merely rubber stamp the certification issue. Rather, a "searching inquiry" should be made by the court to determine whether there is a question involved in the decision of the habeas court which ought to be reviewed by the Appellate Court. Utz v. Warden. C.C.I. Somers, Superior Court, Judicial District of Stamford, Docket No. 107820 (August 8, 1991,Karazin, J.).
In the matter of Copas v. Commissioner of Correction, 234 Conn. 139,150-51, 662 A.2d 718 (1995), the Connecticut Supreme Court held:
 We recognize that [i]n enacting § 52-470 (b), the legislature intended to discourage frivolous habeas appeals. Simms v. Warden, 230 Conn. 608, 616, 646 A.2d 126
(1994). A habeas appeal that satisfies one of the criteria set forth in Lozada v. Deeds, 498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could
resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Simms v. Warden, supra, 616, quoting Lozada v. Deeds, supra, 432. Thus, if an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion. Simms v. Warden, supra, 616. [Emphasis in original; internal quotation marks omitted.]
This court has made its searching inquiry and notes that the underlying habeas proceedings were based upon the petitioner's claims that he was denied the effective assistance of counsel in his underlying criminal prosecution. This court's dismissal of the habeas petition was based upon the court's factual determination after a consideration of all of the evidence presented at the habeas trial and the court's further assessment of the credibility of all witnesses who testified at the habeas trial. The court's review of those proceedings has failed to disclose any issue that would satisfy any one of the criteria set forth in Lozada v. Deeds, supra, 498 U.S. 430, nor has the petitioner asserted any such issue that would satisfy any one of said criteria.
This court is unable to point to any question in its decision on the habeas CT Page 7641
corpus petition which ought to be reviewed by the Connecticut Appellate Court. The petition for certification is, accordingly, denied.
Ginocchio, J.