[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this Petition for Certification, the petitioner, Eduardo Guadalupe, seeks approval to appeal the decision of this Court on January 16, 2002 denying his request for habeas relief. The petitioner, who was represented by counsel, appeared before this Court on January 16, 2003. The petition giving rise to this habeas action alleged that he was rendered ineffective counsel by his then trial counsel. At that hearing conducted on the petition, the Court heard from the petitioner and from Attorney Patricia King, the attorney who represented him in the criminal trial.
In his Petition for Certification, the petitioner asserts that this Court abused its discretion in finding that Attorney King and her firm Moscowitz and King, provided effective counsel. The petitioner had alleged at the hearing that he was denied effective counsel because the illegal substance with which he was found in the original criminal action was planted upon him and yet his attorneys failed to adequately investigate this claim. Further, the petitioner claims that he was coerced into accepting a plea agreement when he was innocent, and therefore is entitled to relief. The petitioner also claims that during its ruling the court indicated that he might have been innocent, and therefore should have granted his petition.
The Petition for Certification was timely filed, pursuant to General Statutes § 52-470 (b), hence the question before this Court is whether such certification should be granted because there is a question involved in the decision of this case which ought to be reviewed by the Appellate Court.
As has been noted in other Superior Court decisions the current authority requires this Court in considering a Petition for Certification to do more than simply "rubber stamp" the certification issue. Rather, a "searching inquiry" should be made by the Court to determine whether there is a question involved in the decision of this Court which ought to CT Page 2640 be reviewed by the Appellate Court.
In the matter of Copas v. Commissioner of Correction, 234 Conn. 139,150-51 (1995), the Connecticut Supreme Court held that "[i]n enacting § 52-470 (b), the legislature intended to discourage frivolous habeas appeals." See also, Simms v. Warden, 230 Conn. 608, 616. "A habeas appeal that satisfies one of the criteria set forth in Lozada v. Deeds,498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further . . . Thus, if an appeal is not frivolous, the habeas court's failure to grant certification is an abuse of discretion." [Citations omitted; internal quotation marks omitted.]
This Court has made a searching inquiry and has determined that the Petition for Certification in this case is frivolous because there are no issues that would satisfy the criteria set forth in Lozada v. Deeds,supra, 498 U.S. 430, for granting an appellate review.
The court's decision denying the petition for habeas relief was supported by the record. There was evidence in the record that Attorney King advised the petitioner of the reasons it would be difficult to establish that the drugs had been planted upon him. Nonetheless, the record also established that trial counsel was prepared to go forward advocating the petitioner's position at trial vigorously. Additionally, trial counsel proffered very reasonable explanations for why the plea agreement offered to the petitioner was advantageous to him. The factors included the predicted testimony of the police officers; the substance found on the petitioner; the strength of the petitioner's alibi witness; and the petitioner's criminal history and background. In light of these facts, it was not an abuse of discretion for this Court to deny the petitioner's request for habeas relief because he failed to establish that he had been given ineffective counsel. Further, the court's comments regarding his decision to plead guilty related to the factors he had for his consideration when deciding, voluntarily, to forego a trial and accept an offer.[1] Such factors, in reality, are weighed by all defendants, both those who are or claim to be innocent and those who acknowledge, either prior to the plea or after it, guilt. The petitioner was canvassed, and his plea was accepted. Therefore, notwithstanding his claims at the hearing of innocence, he elected, having been duly and sufficiently informed of all of his options to go forward and accept the State's offer. There was no evidence of coercion, fraud or deceit. On the contrary, the record shows that the petitioner benefitted from thoughtful CT Page 2641 and careful legal advice. Therefore, he is not now able to establish that his trial counsel or her firm were incompetent or ineffective. Therefore, there are no matters presented by this petition meriting appellate review.
Accordingly, the Petition for Certification is denied.
Robinson-Thomas, J.