JAMES DOE *v.* COMMISSIONER OF CORRECTION
(AC 25493)

Flynn, Bishop and McLachlan, Js.

Submitted on briefs February 24—officially released May 10, 2005

*Kenneth Paul Fox*, special public defender, filed a brief for the appellant (petitioner).

*Michael E. O'Hare*, supervisory assistant state's attorney, *Melissa L. Streeto*, deputy assistant state's attorney, and *Jo Anne Sulik*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, James Doe, appeals from the judgment of the habeas court following the denial of his petition for certification to appeal from the denial of his amended petition for a writ of habeas corpus in which he claimed that he was being incarcerated illegally due to the improper application of presentence confinement credit to his sentence on criminal charges. We dismiss the appeal.

After a careful review of the record and briefs, we conclude that in light of General Statutes § 18-98d (a)

(1), which governs the application of credit for presentence confinement, the court correctly determined the amount of credit to which the petitioner was entitled on the sentence for his underlying conviction of assault in the first degree and properly concluded that he was unable to accrue credit toward that sentence once he began serving another sentence for violation of probation. We further conclude that this sentence structure did not violate the petitioner's plea agreement with the state in the assault file.

Because the court's decision on the merits comports with the applicable statutes and is amply supported by the record, the petitioner cannot demonstrate (1) that the issues raised are debatable among jurists of reason, (2) that any court could resolve the issues in a different manner or (3) that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). As the petitioner has failed to satisfy any of the *Lozada* criteria necessary to show that the court abused its discretion, his appeal following the court's denial of certification is frivolous and should be dismissed. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.