BRIAN K. MCMAHON, JR. *v.* COMMISSIONER OF CORRECTION
(AC 25302)

Dranginis, Bishop and DiPentima, Js.

Submitted on briefs April 1—officially released May 31, 2005

*Aaron J. Romano,* special public defender, filed a brief for the appellant (petitioner).

*James M. Ralls* and *Jo Anne Sulik,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Brian K. McMahon, Jr., appeals from the judgment of the habeas court following the denial of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a trial to the court, of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55 (a) (3) and 53a-55a in connection with a hunting incident that

resulted in the death of the victim, Ronald Eckert, Jr. The trial court also found that he had used a firearm in the commission of a class B felony in violation of General Statutes § 53-202k. The petitioner was given an effective sentence of thirty-five years incarceration, execution suspended after nineteen years, and five years probation. Our Supreme Court upheld the petitioner's conviction. See *State* v. *McMahon*, 257 Conn. 544, 778 A.2d 847 (2001), cert. denied, 534 U.S. 1130, 122 S. Ct. 1069, 151 L. Ed. 2d 972 (2002).[1]

On appeal, the petitioner claims that the habeas court improperly (1) denied his petition for certification to appeal and (2) concluded that his trial counsel did not provide ineffective assistance, which was prejudicial to him. In his petition for a writ of habeas corpus, the petitioner alleged several ways in which trial counsel's assistance was ineffective. In this court, the petitioner claims that the habeas court improperly determined that the investigation conducted by trial counsel was adequate and that the petitioner was not prejudiced because counsel did not call a land surveyor as an expert witness to testify as to the angle of the bullet fired by the petitioner. Before we may reach that claim, however, the petitioner must demonstrate that the habeas court abused its discretion in denying the petition for certification to appeal.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991);

---

[1] The petitioner also was convicted of violating numerous statutes pertaining to hunting and criminal trespass in the third degree. The petitioner did not appeal from those convictions. *State* v. *McMahon*, supra, 257 Conn. 546–47 n.3.

*Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.