NATHANIEL M. ALLEN *v.* COMMISSIONER OF CORRECTION
(AC 25868)

Bishop, DiPentima and Hennessy, Js.

Submitted on briefs January 13—officially released March 7, 2006

*Kathryn Steadman*, special public defender, filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, and *James M. Ralls*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Nathaniel M. Allen, appeals following the denial of his petition for certification to appeal from the habeas court's judgment denying

his amended petition for a writ of habeas corpus in which he alleged that he was denied the effective assistance of counsel, and that his guilty plea, rendered pursuant to the *Alford*[1] doctrine, was not made intelligently and voluntarily. We dismiss the appeal.

The following facts and procedural history are relevant to the petitioner's appeal. On February 6, 2002, the petitioner stabbed his then estranged wife multiple times with a knife. As a result, he was arrested and charged with various crimes, including attempt to commit murder in violation General Statutes § 53a-54a and assault in the first degree in violation of General Statutes § 53a-59. On August 2, 2002, the petitioner entered a guilty plea, pursuant to the *Alford* doctrine, to the charge of assault in the first degree, and the additional charges were nolled. During the plea canvass, the petitioner indicated to the court that he was satisfied with his attorney's representation, and that he was entering his plea knowingly and voluntarily. The court accepted the plea and ultimately imposed the proposed sentence.

The defendant filed a pro se petition for a writ of habeas corpus on June 23, 2003, and an amended petition on May 17, 2004, alleging that he was denied the effective assistance of counsel and that his guilty plea was not made intelligently and voluntarily because he would have prevailed at trial and, thus, would not have pleaded guilty, had his attorney adequately investigated the incident and advised him accordingly. During the habeas trial, the petitioner and his trial attorney were the only witnesses to testify. The petitioner testified that he never stabbed the victim with a knife and only pleaded guilty because his attorney did not fully discuss the ramifications of a guilty plea with him. His trial attorney testified that he thoroughly investigated the

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

case against the petitioner, went over the elements of the charges with the petitioner in great detail and told the petitioner that it would be in his best interest to accept the state's offer. After hearing the evidence, the court issued an oral ruling denying the petition on two grounds: first, the claim that the plea was not voluntary and intelligent was procedurally defaulted because the petitioner failed to withdraw his plea and failed to show cause and prejudice for not raising his claim at trial; second, the court credited the testimony of the attorney and found that the petitioner had "failed to prove by a preponderance of the evidence that [his trial attorney] performed deficiently."

The petitioner then filed a petition for certification to appeal from the habeas court's denial of his amended petition for a writ of habeas corpus, which was denied. The petitioner appealed to this court, claiming that the habeas court abused its discretion in (1) finding that he failed to prove by a preponderance of the evidence that his attorney rendered ineffective assistance of counsel and (2) finding that the petitioner's claim that his plea was not voluntary and intelligent was procedurally defaulted.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). After carefully reviewing the entire record, we conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430,

431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). As the petitioner has not satisfied any of those criteria, he has failed to demonstrate that the court's denial of his petition for certification to appeal reflects an abuse of discretion. See *Simms* v. *Warden*, supra, 612.

The appeal is dismissed.

