RENALDO RESPASS *v.* COMMISSIONER OF
CORRECTION
(AC 26444)

Bishop, Rogers and Pellegrino, Js.

Argued April 17—officially released June 27, 2006

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*Michael L. Regan*, supervisory assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Peter A. McShane*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Renaldo Respass, appeals following the habeas court's denial of his petition for certification to appeal from the dismissal of his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of possession of a narcotic substance with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of narcotics with intent to sell within 1500 feet of a private elementary school in violation of General Statutes § 21a-278a (b), possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b) and failure to appear in violation of General Statutes (Rev. to 1997) § 53a-172. The petitioner received a total effective sentence of twenty years incarceration. He then filed a direct appeal. Our Supreme Court transferred the appeal to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1, and later affirmed the judgment of conviction. See *State* v. *Respass*, 256 Conn. 164, 770 A.2d 471, cert. denied, 534 U.S. 1002, 122 S. Ct. 478, 151 L. Ed. 2d 392 (2001).

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel, Jeremiah Donovan, had provided ineffective assistance. Specifically, the petitioner claimed that (1) Donovan should have investigated possible juror misconduct when a certain juror, J,[1] informed

[1] To protect the identities and privacy interests of the jurors, we refer to them by their first initials. See, e.g., *State* v. *Peeler*, 267 Conn. 611, 620 n.9, 841 A.2d 181 (2004).

the court that another juror, M, had stated that he knew the defendant's drug supplier, Calvin Sebastian, and (2) Donovan should have moved for a mistrial on the basis of M's knowledge of Sebastian.

The court found that Donovan and the petitioner had discussed the possibility of moving for a mistrial for five to ten minutes after J reported M's statement. In Donovan's opinion, it was more favorable to proceed with the trial than to seek a mistrial because he believed that some of the jurors favored the petitioner. The court found that the petitioner had agreed with Donovan's opinion and that Donovan then had decided not to pursue the issue of M's statement in order to avoid the possibility that the state would move for a mistrial or that the trial court would declare one. The habeas court further found that the petitioner had not expressed any disagreement with Donovan regarding their strategic decision not to move for a mistrial or to investigate M's statement. The court therefore rejected the petitioner's claim of ineffective assistance of counsel and then denied his petition for certification to appeal.[2]

The petitioner must demonstrate that the court abused its discretion in denying his petition for certification to appeal. After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608,

---

[2] We note that in the petitioner's direct appeal, our Supreme Court rejected his claim that the trial court improperly had denied (1) his motion for a new trial because of M's knowledge of Sebastian and (2) his postverdict motion to have the court summon and question M or, in the alternative, to permit the petitioner to interview M. See *State* v. *Respass*, supra, 256 Conn. 189–93.

616, 646 A.2d 126 (1994). Accordingly, the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.