ALONZO JACKSON *v.* COMMISSIONER OF
CORRECTION
(AC 26159)

Flynn, C. J., and McLachlan and Pellegrino, Js.

Argued April 27—officially released July 18, 2006

*Kathryn Steadman*, special public defender, for the appellant (petitioner).

*David M. Carlucci*, special deputy assistant state's attorney, with whom were *Michael E. O'Hare*, supervisory assistant state's attorney, and, on the brief, *John A. Connelly*, state's attorney, and *Terence Mariani*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alonzo Jackson, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and kidnapping in the first

degree in violation of General Statutes § 53a-92 (a) (2) (B). The petitioner received a total effective sentence of eighteen years incarceration. He then filed a direct appeal, and this court affirmed the judgment of conviction. See *State* v. *Jackson*, 68 Conn. App. 901, 792 A.2d 914 (2002).

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel and appellate counsel had provided ineffective assistance. The habeas court rejected the petitioner's claims and then denied his petition for certification to appeal. On appeal, the petitioner claims that the court improperly denied his petition for certification to appeal because his trial counsel was ineffective in reacting to the state's filing of a substitute information on the day that jury selection commenced. The petitioner contends that his trial counsel inadequately explained the charges in the substitute information and should have requested a continuance in order to ensure that the petitioner understood them.[1]

The petitioner must demonstrate that the court abused its discretion in denying his petition for certification to appeal. Our review of the record and briefs reveals that the state filed the substitute information on May 2, 2000. Jury selection proceeded from that date until May 4, 2000, but the taking of evidence did not begin until May 24, 2000. The petitioner therefore had twenty-two days to consider the charges and discuss them with his trial counsel before the taking of evidence began. We conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised

---

[1] The petitioner does not claim that the court improperly denied his petition for certification to appeal on the basis of the court's finding that his appellate counsel had provided effective assistance.

deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Accordingly, the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.