KENNETH PLADSEN *v.* COMMISSIONER OF CORRECTION
(AC 26310)

Bishop, McLachlan and Foti, Js.

Argued April 18—officially released August 8, 2006

*Procedural History*

*John R. Williams*, for the appellant (petitioner).

*Erika L. Brookman*, special deputy assistant state's attorney, with whom were *Michael E. O'Hare*, supervisory assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, *Keith Duboff*, senior assistant state's attorney, and *Thomas R. Garcia*, assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Kenneth Pladsen, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. We dismiss the appeal.

On January 19, 2000, the petitioner was an inmate at MacDougall-Walker Reception/Special Management Unit when he attacked a correction officer with a padlock and razor blade, seriously injuring the officer. The petitioner believed that he had attacked the officer because he had not received appropriate treatment for his mental illness. He subsequently pleaded guilty to assault in the first degree in violation of General Statutes § 53a-59, assault of an employee of the department of correction in the first degree in violation of General Statutes § 53a-59b (a) and possession of a weapon or dangerous instrument in a correctional institution in violation of General Statutes § 53a-174a (a).[1] He received a sentence of twenty-five years incarceration, consecutive to his previously imposed sentence of eighteen years incarceration.

The petitioner then filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel, Douglas A. Ovian, had provided ineffective assistance in connection with the petitioner's failure to achieve his goal of confinement at Whiting Forensic Division of Connecticut Valley Hospital (Whiting). The petitioner argued that Ovian should have advised him to go to trial and to pursue a defense of mental disease or defect instead of pleading guilty. In the petitioner's

---

[1] The trial court later dismissed the charge of assault in the first degree pursuant to General Statutes § 53a-59b (b), which provides: "No person shall be found guilty of assault in the first degree and assault of an employee of the Department of Correction in the first degree upon the same incident of assault but such person may be charged and prosecuted for both such offenses upon the same information."

view, he would have had a better chance of being confined at Whiting if he had gone to trial because General Statutes § 17a-582 (a) requires the psychiatric confinement of a person who is found not guilty by reason of mental disease or defect.

The habeas court found that Ovian initially had considered the possibility of raising a defense of mental disease or defect at trial. Ovian requested an evaluation of the petitioner by Peter Zeman, a forensic psychiatrist, who concluded that the petitioner would not be able to demonstrate at trial that he suffered from a mental disease or defect. Ovian then advised the petitioner to plead guilty and to request a presentence psychiatric examination pursuant to General Statutes § 17a-566,[2] in the hope that the examination would result in a report recommending that the petitioner be confined at Whiting. The court found that the petitioner had agreed with Ovian's advice. Although the report of the petitioner's examination recommended that he be sentenced in accordance with his conviction rather than confined at Whiting,[3] the court found that Ovian's performance was not deficient and that the petitioner would not have prevailed at trial on his defense of mental disease or defect. The court therefore rejected his claim of ineffective assistance of counsel and then denied his petition for certification to appeal.

---

[2] General Statutes § 17a-566 (a) provides in relevant part: "[A]ny court prior to sentencing a person convicted of an offense for which the penalty may be imprisonment in the Connecticut Correctional Institution at Somers . . . may if it appears to the court that such person has psychiatric disabilities and is dangerous to himself or others, upon its own motion or upon request . . . order the commissioner [of mental health and addiction services] to conduct an examination of the convicted defendant by qualified personnel . . . ."

[3] Pursuant to General Statutes § 17a-567 (a), the trial court may not order a defendant to be confined at Whiting unless the report of the presentence psychiatric examination recommends such confinement.

The petitioner must demonstrate that the court abused its discretion in denying his petition for certification to appeal. After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issue he has raised is debatable among jurists of reason, that a court could resolve the issue in a different manner or that the question raised deserves encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Accordingly, the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.