DONALD E. COLE, JR. *v.* COMMISSIONER OF
CORRECTION
(AC 26503)

Bishop, McLachlan and Foti, Js.

Argued April 19—officially released August 8, 2006

*Robert A. Serafinowicz*, with whom, on the brief, was *John R. Williams*, for the appellant (petitioner).

*Proloy K. Das*, assistant state's attorney, with whom, on the brief, was *John A. Connelly*, state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Donald E. Cole, Jr., appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a (a) and received a sentence of sixty years incarceration. He then filed a direct appeal. Both this court and our Supreme Court affirmed the judgment of conviction. See State v. Cole, 50 Conn. App. 312, 718 A.2d 457 (1998), aff'd, 254 Conn. 88, 755 A.2d 202 (2000).

The petitioner subsequently filed an amended petition for a writ of habeas corpus in which he claimed that his trial counsel, Alan D. McWhirter, had provided ineffective assistance. Specifically, the petitioner claimed that McWhirter improperly (1) did not attempt to introduce into evidence a report written by Julia Ramos-Grenier, a clinical psychologist, (2) failed to call the petitioner's parents as witnesses and (3) permitted him to testify in his defense. The court rejected the petitioner's claims, finding that Ramos-Grenier's report was cumulative of her testimony at the petitioner's trial; that McWhirter made a reasonable strategic decision not to call the petitioner's parents as witnesses because the benefit of their testimony would be outweighed by the risk of cross-examination; and that the petitioner knowingly and voluntarily exercised his constitutional right to testify in his defense. The petitioner then filed a petition for certification to appeal, which the court denied.

The petitioner must demonstrate that the court abused its discretion in denying his petition for certification to appeal. We conclude that the petitioner has not

demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Accordingly, the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.