### KENNETH BOYKIN *v.* COMMISSIONER OF CORRECTION
### (AC 26580)

Bishop, Gruendel and Rogers, Js.

Argued October 10—officially released November 14, 2006

---

*John C. Drapp III*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Kenneth Boykin, appeals following the denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. We dismiss the appeal.

In 1987, the petitioner was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (2), possession of cocaine with the intent to sell in violation of General Statutes § 21a-277 (a), possession of cocaine in violation of General Statutes § 21a-279 (a), conspiracy to sell cocaine in violation of General Statutes §§ 53a-48 (a) and 21a-277 (a), threatening in violation of General Statutes (Rev. to 1987) § 53a-62 (a) (1) and reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a). The trial court sentenced the petitioner to a total effective term of thirty years incarceration, suspended after fifteen years, with five years of probation.

On September 16, 1997, the petitioner was released from that term of incarceration and began serving a five year probationary period. One of the terms of the petitioner's probation required that he not violate any criminal law of the state. On April 8, 2002, the petitioner

was charged with the crime of assault in the second degree. On April 30, 2002, the petitioner was charged with the crimes of assault in the third degree and breach of the peace in the second degree in connection with an unrelated incident. The state thereafter charged the petitioner with violating the terms of his probation. Following a revocation of probation hearing, the court concluded that the state had established by a fair preponderance of the evidence that the petitioner had violated the terms of his probation and therefore returned him to the custody of the commissioner of correction for a total effective sentence of fifteen years. This court affirmed that judgment in *State* v. *Boykin,* 83 Conn. App. 832, 851 A.2d 384, cert. denied, 271 Conn. 911, 859 A.2d 570 (2004).

The petitioner subsequently filed a petition for a writ of habeas corpus that alleged ineffective assistance of counsel at the violation of probation hearing. Following a trial, the court concluded that the petitioner had not satisfied his burden of proving either deficient performance on the part of his counsel or prejudice resulting therefrom. See *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Johnson* v. *Commissioner of Correction,* 218 Conn. 403, 424, 589 A.2d 1214 (1991). Accordingly, the court dismissed the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal.

After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden,* 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.