## MICHAEL JOHNSON *v.* COMMISSIONER OF CORRECTION
### (AC 27093)

Bishop, Gruendel and Harper, Js.

Argued February 11—officially released April 8, 2008

*Kevin E. Dehghani*, special public defender, for the appellant (petitioner).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Michael Johnson, appeals following the denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was involved in a shooting incident on July 29, 1995. He thereafter was charged in two separate informations with murder in violation of General Statutes § 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), attempt to commit robbery in the first degree in violation of General Statutes § § 53a-134 (a) (2) and 53a-49 and possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (b). On December 21, 1995,

the trial court held a probable cause hearing, at the conclusion of which it found probable cause to believe that the petitioner had committed murder. The petitioner subsequently pleaded guilty to all charges pursuant to the *Alford* doctrine.[1] After a thorough canvass, the court accepted the pleas and sentenced the petitioner to a total effective term of twenty-five years incarceration.

Approximately ten years later, this habeas action followed. In his amended petition for a writ of habeas corpus, the petitioner alleged thirteen grounds of ineffective assistance of trial counsel.[2] Following a trial, the habeas court concluded that the petitioner had not satisfied his burden of proving deficient performance on the part of his counsel. See *Hill* v. *Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 424, 589 A.2d 1214 (1991). Moreover, the habeas court agreed with the trial court that the petitioner's pleas were intelligent and voluntary. Accordingly, it dismissed the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal.

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Specifically, the petitioner alleged in the amended petition that his trial counsel failed to (1) conduct an adequate investigation; (2) obtain witness statements and interview witnesses; (3) investigate and inform him that Todd Gently, who bought marijuana from the petitioner in the July, 1995 shooting incident, originally identified the petitioner's brother as the shooter; (4) investigate and inform him that a fingerprint on the murder weapon was that of the petitioner's brother; (5) inform him of the amount of prison time that his plea required; (6) inform him that pleading guilty to the murder charge foreclosed his eligibility for parole; (7) negotiate a more favorable plea bargain; (8) advise him of options other than plea bargaining; (9) advise him of his pleas' implications on appellate review; (10) advise him of the likelihood that a court would impose the maximum sentence after a guilty verdict; (11) advise him that pleading guilty barred him from sentence review; (12) inform him that pleading guilty precluded appellate review; and (13) advise him of the procedure for withdrawing his plea.

On our careful review of the record, including the trial court's plea canvass of the petitioner and the briefs of the parties, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal. We cannot conclude that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.

